IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Chief Judge Wiley Y. Daniel

Civil Action No. 07-cv-00367-WYD
Criminal Action No. 01-cr-00214-WYD

UNITED STATES OF AMERICA,

v.

4.   ALVIN GREEN,

   Movant.

## ORDER TO CLARIFY AND SUPPLEMENT

This matter is before me on the government's answer to defendant's motion under 28 U.S.C. § 2255. I have been unable to review references to certain material in the record either because no citation is provided or because within the provided citation the page numbers and the volumes of the record on appeal do not match. Therefore, the government is directed, **within ten days from the date of this order**, to provide the following information:

- Clarify references in the answer to the "initial debriefing," "later debriefing," "pretrial statement," and "prior statement" discussed on pages 5-8 of the answer, and supplement the answer discussing these debriefings and statements with consistent terminology and citations to the record.

- Clarify the page/volume references to: "Green took monthly trips to California to purchase cocaine." Vol. XLIX, 57-58 (testimony of Dwayne Van Dyke), Oct. 10, 2003.

- Clarify the page/volume references to: "Trial testimony showed that a kilogram of cocaine cost approximately $20,000." Vol. LI, 78-79 (testimony of Steve Stanton), October 21, 2003.

- Clarify the page/volume references to: "Small needed Green to supply

drugs because some of his former suppliers ran into legal problems and stopped coming to Colorado." Vol. LIV, 72 (testimony of Ms. Johnson), October 24, 2003.

- Clarify the page/volume references to: "Green directs Small to send the expense money to a name different from his own in California." Vol. LIII, 194-95 (testimony of Steve Stanton, Jr.), October 23, 2003.

- Clarify the page/volume references to instruction number 9, which advised the jurors that in certain instances "evidence was admitted only concerning a particular party or only for a particular purpose" and cautioned them against using the evidence "for any other purpose or against any party not specifically mentioned." Vol. LIII, 4123, [date].

- Clarify the page/volume references to instruction number 27, which cautioned the jury: "It is your duty to give separate and personal consideration to the case of each defendant." [citation]. "The instruction required the jury to analyze the evidence with regard to each defendant, "leaving out of consideration entirely any evidence admitted solely against some other defendant or defendants." *Id.* at 4131.

- Clarify the page/volume references to instruction number 28, which further cautioned the jury to consider separately the evidence and charges against each defendant and not to allow a verdict on one charge to "control your verdict as to any other offense charged against the defendant or against any other defendant." *Id.* at 4132.

- Clarify the page/volume references to the statement: "In order to render a guilty verdict, the jury was instructed it must find each element of the offense 'as to each defendant.'" Vol. LIII, 4134, [date]. "Those elements are:  1.  That two of more persons agreed to distribute or to possess with intent to distribute crack cocaine; 2.  That the conspiracy involved 50 grams or more of crack cocaine; 3.  That the defendant knew the essential objectives of the conspiracy; 4.  That the defendant knowingly and voluntarily agreed to become involved in the conspiracy; and 5.  That the alleged conspirators were interdependent." Vol. LIII at 4134, [date].

- Clarify the page/volume references to the statement: "Element no. 2 required the jury to find: 'That the conspiracy involved 50 grams or more of crack cocaine.'" *Id.* Element nos. 3 and 4 required the jury to find that each defendant knew the essential objectives of the conspiracy and knowingly and voluntarily agreed to become involved in the conspiracy." [citation].

Accordingly, it is

ORDERED that the government **within ten (10) days from the date of this order**, shall clarify and supplement the information provided in this order.

Dated: May 27, 2009

BY THE COURT:

s/ Wiley Y. Daniel
Wiley Y. Daniel
Chief United States District Judge